

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-3482
Re: If a defendant is brought
before the court and enters
a plea of guilty, or is tried
by a jury and convicted, and
the judgment is prepared and
signed by the county judge,
can the defendant after the
signing of the judgment exe-
cute a bond to stay his judg-
ment for the period or for
a less period than that set
forth in Article 898, C.C.P.?
Also related questions under
Article 898, C.C.P.

This will acknowledge receipt of your letter re-
questing the opinion of this department upon the following
three questions, which we quote from your letter as follows:

"First, if a defendant is brought before the
Court and enters a plea of guilty, or is tried by
a jury and convicted, and the judgment prepared
and signed by the County Judge, can the defendant,
after the signing of the judgment, execute a bond
to stay his judgment for the period or for a less
period than that set forth in the Statute?

"Second, if the defendant executes a bond to
stay the judgment upon his conviction, either by plea
of guilty or trial by jury, and is not surrendered

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ralph Brock, page 2

back to the Court by the boadsmen on the date on
which his deferred judgment expires, does the Court
have to take the defendant back at a later date, or
are the bondsmen liable for the amount of fine and
costs?

"A further question is, under the language of
the bond, can the defendant be surrendered even before
the expiration of the time set forth in the bond and
evade the payment of the fine and costs?  It seems
to me that the statutes and the language of the bond
bind the defendant and the bondsmen to pay, and not
allowing the defendant to serve his time out in jail."

Article 698 of Vernon's Annotated Code of Criminal Proce-
dure, provides as follows:

"On each verdict of acquittal or conviction,
the proper judgment shall be entered immediately.
If acquitted the defendant shall be at once dis-
charged from all further liability upon the charge
for which he was tried; provided that, in misde-
meanor cases where there is returned a verdict, or
a plea of guilty is entered and the punishment
assessed is by fine only, the Court may, on written
request of the defendant and for good cause shown,
defer judgment until some other day fixed by order
of the Court; but in no event shall the judgment
be deferred for a longer period of time than six
(6) months.  On expiration of the time fixed by the
order of the Court, the Court or Judge thereof,
shall enter judgment on the verdict or plea and
the same shall be executed as provided by Chapter 4,
Title 9, of the Code of Criminal Procedure of the
State of Texas.  Provided further, that the Court
or Judge thereof, in the exercise of sound discretion
may permit the defendant where judgment is deferred,
to remain at large on his own recognizance, or may
require him to enter into bond in a sum at least
double the amount of the assessed fine and costs,
conditioned that the defendant and sureties, jointly
and severally, will pay such fine and costs unless
the defendant personally appears on the day set in the
order and discharges the judgment in the manner pro-
vided by Chapter 4, Title 9 of the Code of Criminal

Hon. Ralph Brock, page 3

Procedure of the State of Texas; and for the enforcement of any judgment entered, all writs, processes and remedies of the Code of Criminal Procedure are made applicable so far as necessary to carry out the provisions of this Article."

Article 785, Chapter 4, Title 9, Vernon's Annotated Code of Criminal Procedure, provides as follows:

"When the judgment against a defendant is for a fine and costs he shall be discharged from the same:

"1. When the amount thereof has been fully paid.

"2. When remitted by the proper authority.

"3. When he has remained in custody for the time required by law to satisfy the amount thereof."

Article 793 of said Chapter and Title of Vernon's Annotated Code of Criminal Procedure reads as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three Dollars ($3.00) for each day thereof."

Prior to the amendment of Article 690 in 1931, said Article required that the proper judgment "be entered immediately." In a case such as presented by the facts submitted, where the punishment was merely a fine, the defendant, under Articles 785 and 793, either had to make immediate payment of the fine and costs, or be placed in jail immediately for a sufficient length of time to discharge the full amount of fine and costs at the rate of $3.00 per day. In counties where there was no

Hon. Ralph Brock, page 4

"workhouse," "county farm" or "public improvement of the county," the various counties were burdened with the expense of keeping and feeding such prisoner until he had stayed in jail for the number of days required to discharge the fine and costs at the rate mentioned.

The emergency clause of the Act amending Article 698 of the Code of Criminal Procedure (42nd Legislature, page 59, Chapter 39, Section 2) reads as follows:

"Sec. 2. The fact that there is no provision of the law whereby a person guilty of misdemeanor, and whose punishment has been assessed by fine only, may have an opportunity to pay the same, and that the present law works a hardship on many counties of the State, creates an emergency, . . ." (Underscoring ours)

It is our opinion, therefore, that the Legislature intended by said amendment to give the court authority to give the defendant an opportunity to raise the money and pay the fine and costs if the court in its discretion saw fit to do so "on written request of the defendant and for good cause shown." Said amendment should, therefore, be so construed as to give it the effect intended by the Legislature.

We are of the opinion that, the mere fact that the judgment was prepared and signed by the county judge, would not of itself preclude the judge from setting aside the judgment and accepting the defendant's bond and entering an order deferring the judgment for any period not to exceed six months, provided the defendant makes his request and shows proper cause before the judgment has been executed and before the end of the term. It is a general rule that a judgment may be set aside at any time before the end of the term at which it was rendered, either upon the court's own motion or motion of a party. 25 Tex. Jur. p. 546. Whether "good cause" is shown is within the court's discretion. Subject to the foregoing limitations, we answer your first question in the affirmative.

The last clause of Article 698, supra, reads as follows:

". . . and for the enforcement of any judgment entered, all writs, processes and remedies of the Code of Criminal Procedure are made applicable so far as necessary to carry out the provisions of this Article."

The caption of the bill amending Article 698 (Acts 1931, 42nd Legislature, page 59, Chapter 39) reads as follows:

Hon. Ralph Brock, Page 5

"An Act to amend Article 698 of the Code
of Criminal Procedure of the State of Texas,
providing that the proper judgment be entered
on verdicts; providing that in misdemeanor cases
where the verdict or plea is guilty and the pun-
ishment is by fine only, the Court or Judge may
defer judgment; providing for the time and man-
ner, deferring judgment; providing for recognizance
or bail for the defendant, and prescribing rem-
edies, and declaring an emergency." (Underscor-
ing ours.)

From the language of the statute and the language
of the caption, we are of the opinion that the "recognizance"
and "bail" referred to in said article were used by the Leg-
islature in the same sense as those terms are used in the
Code of Criminal Procedure generally. We conclude, there-
fore, that Articles 424-440, of the Code of Criminal Pro-
cedure, dealing with the forfeiture of bail bonds and re-
cognizances, and Articles 282-289 of the Code of Criminal
Procedure, dealing with the surrender of the principal, are
applicable to the bonds and sureties mentioned in Article
698 of Vernon's Annotated Code of Criminal Procedure.

The conditions of the bond as stated in Article
698 are "that the defendant and sureties, jointly and sev-
erally, will pay such fine and costs unless the defendant
personally appears on the day set in the order and dis-
charges the judgment in the manner provided by Chapter 4,
Title 9 of the Code of Criminal Procedure of the State of
Texas; . . ."

It follows, therefore, that if the defendant "is
not surrendered back to the court by the bondsmen on the
date on which his deferred judgment expires," as stated in
your second question, the obligation is forfeited, and the
bondsmen become liable as principal judgment debtors, Ar-
ticles 424-440, Vernon's Annotated Code of Criminal Procedure,
providing for the forfeiture of bail bonds and recognizances,
are applicable to the bond mentioned in Article 698.

In answer to your second question, you are respect-
fully advised that, under the facts stated, it is the opinion
of this department that where the defendant does not personally

appear on the day set in the order, the bondsmen become liable as principal judgment debtors and may be proceeded against under Articles 424-440 of Vernon's Annotated Code of Criminal Procedure. It is the further opinion of this department that the court does not have "to take the defendant back at a later date." The arrest or surrender of the principal after the forfeiture of the bail bond will not relieve the sureties. But pending final judgment, if the principal is apprehended, it is within the power of the court to remit, either in whole or in part, the penalty set aside in the bond. Lee v. State, (Tex. Crim. Rep.) 6 S. W. 277.

The statutes and the language of the bond, in our opinion, are not subject to the construction that the defendant and his bondsmen must pay the fine and costs and that the defendant cannot still serve out his time in jail. The only obligation resting on the bondsmen is to see to it that the defendant "personally appears on the day set in the order." The defendant may then discharge the judgment in any of the several ways mentioned in Article 785, supra. One of the ways provided is to serve out his time in jail.

Article 282, Vernon's Annotated Code of Criminal Procedure, provides as follows:

" Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted."

It is our opinion that the bondsmen may surrender the defendant before the expiration of the time set for in the bond if they follow the provisions of Article 282-289, V. A. C. C. P., relating to the surrender of the principal.

In answer to your third question, you are respectfully advised that it is the opinion of this department, under the facts stated, that the bondsmen, by following the procedure set out in Articles 282-289 of Vernon's Annotated Code of Criminal Procedure, may surrender the defendant before

Hon. Ralph Brock, Page 7

the expiration of the date set in the bond and thereby be discharged of any further liability on the bond.

We are enclosing herewith the form of bond submitted with your question.

Trusting that the foregoing answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Edgar Pfeil
Assistant

EP:LM

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN